Disborough *v.* Vanness.

LEVI DISBOROUGH *v.* JOHN VANNESS.

1. In an action by the indorsee against the indorser of a promissory note, ·the state of demand ought to set forth acts of legal diligence; a general averment of due diligence is not sufficient.

2. Demand and notice or, something equivalent to them are the corner stones of the indorsee's right of recovery.

The state of demand is .as follows :—"The plaintiff demands of the defendant $91:38, due to the plaintiff on a note of

hand given by Margaret White and Mary Ellis, to Henry Page or order, by H. P. endorsed over to L. D. the defendant, for the sum of $75, bearing date the 1st September, 1820, payable in 90 days, without defalcation or discount, and by the said defendant endorsed over to the plaintiff, and due diligence being used by the said plaintiff to recover the said debt, and there appearing by the return of an execution issued by Oliver Johnson, Esq., for the recovery of the said debt, cost and interest, dated the 24th of February, 1823, and returned by John D. Pervess, constable, that there is nothing to be had to satisfy or pay the debt from the said M. W. and M. E. therefore he brings his action."

*Scott,* moved to reverse the judgment because the state of demand was defective in not shewing the exercise of legal diligence.

*Wood,* insisted that the state of demand was sufficient, and especially after verdict or what in the present case was equivalent to verdict,—judgments of the Justice and of the Common Pleas upon the facts and the law, when proof of the requisite facts would be presumed; and read *Bigelow* v. *Pines,* 2 *Pen.* 523, and *Layton* v. *Cooper,* 1 *Pen.* 65.

BY THE COURT.—In an action by the indorsee against the indorser of a promissory note, the state of demand ought to set forth the acts of legal diligence—a general averment of due diligence is not sufficient—nor is the issuing of an execution, as in the present case, more than two years after the note became due.

A verdict cures many defects of form, but never the want of the substantial grounds of the plaintiff's action. Demand and notice or something equivalent to them are the corner stones of the indorsee's right of recovery.

In *Halsey* v. *Salmon, Pen.* 961, on certiorari, the state of demand set out the note, the endorsement before it became payable, the demand at the time it became payable, and the

refusal of the drawer to pay whereof the indorser had notice, but the time of notice was not stated. The court held the want of averment of the time of notice an essential defect, not cured by the verdict and reversed the judgment.

Judgment reversed.